IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

AT&T UMBRELLA BENEFIT PLAN NO. 3

    Plaintiff,

v.                                   MISC. CASE NO. 2:21-mc-00006

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

    Defendant.

---

RUBY CHACKO,

    Plaintiff,                         ORIGINATION CASE NO.:

v.                                 2:19-cv-01837-JAM-DB (E.D. California)

AT&T UMBRELLA BENEFIT PLAN NO. 3,

    Defendant.

---

**AT&T UMBRELLA BENEFIT PLAN NO. 3'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. TO COMPLY WITH RULE 45 SUBPOENA**

Defendant AT&T Umbrella Benefit Plan No. 3 (the "Plan"), by and through counsel, and pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure and LR 7.2, and in support of its Motion to Compel Third-Party Sedgwick Claims Management Services, Inc. ("Sedgwick") to comply with and produce the documents and information responsive to the Plan's April 8, 2021 subpoena (the "Subpoena"), states as follows:

I. **INTRODUCTION**

The original Employee Retirement Income Security Act ("ERISA") case styled *Chacko v. AT&T Umbrella Benefit Plan No. 3*, 2:19-cv-01837-JAM-DB, is pending in the United States District Court for the Eastern District of California (the "Origination Case"). On April 8, 2021, the Plan issued the Subpoena, attached hereto as Exhibit 1, to Sedgwick for certain documents that the magistrate judge ordered the Plan to produce in the Origination Case or otherwise face sanctions. Instead of fully complying with the Subpoena, Sedgwick issued generalized objections including that the documents and information sought were privileged, confidential, and unduly burdensome. Sedgwick's unsupported objections, however, are not sufficient, and this Court should compel its compliance with the Subpoena because: 1) the Magistrate Judge in the Origination Case ordered the Plan to produce the documents and information and the Plan does not possess them, but believes responsive documents and information may be in Sedgwick's possession; 2) Sedgwick informed the Plan that it will only produce responsive documents and information if ordered to do so by a court; 3) other California district courts have required production of documents and information similar to those sought by the Subpoena; and 4) any objection Sedgwick makes on confidential or proprietary grounds is mooted by the Protective Order entered in the Origination Case prohibiting the use of the documents and information outside of the case and requiring return of the documents and information at the conclusion of the lawsuit.

II. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A. **The Parties**

The Origination Case was brought by Ruby Chacko ("Chacko" or "Plaintiff") in the U.S. District Court for the Eastern District of California against the Plan for the denial of Chacko's application for long term disability benefits ("LTD") under ERISA, 29 U.S.C. §1001 *et seq*.

AT&T funds the Plan through a trust and delegates its decision-making authority to a separate entity, Plan Administrator AT&T Services, Inc., which in turn delegates all of its decision-making authority to third-party Claims Administrator, Sedgwick. Sedgwick, in turn, delegates the medical review of LTD benefits claims, including Chacko's, to third-party Network Medical Review Co. Ltd. ("NMR"), which contracts with physicians that perform independent medical reviews of the claims.

B.     **Origination Case Discovery Dispute**

Generally, ERISA cases are decided on the administrative record alone with no additional discovery. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1988). Recently, however, courts have permitted limited discovery beyond the underlying record if there are allegations regarding structural or financial conflicts of interest by and among the ERISA plan, ERISA plan administrator, the medical review services company, and/or the particular reviewing physician. *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F.Supp.2d 655 (W.D. Ky. 2012) (allowing limited discovery on financial conflict of interest), *but see Corey v. Sedgwick Claims Mgmt. Servs.*, 165 F. Supp. 3d 672 (N.D. Ohio 2016) (denying conflict of interest discovery in ERISA case where plaintiff relied on a mere assertion of a conflict).

In the Origination Case, Chacko alleged financial conflicts of interest among the Plan, Sedgwick, NMR, and Dr. Howard Grattan, the NMR physician who reviewed Chacko's LTD claim. After an initial discovery dispute, District Court Judge John Mendez held that Chacko was entitled to discovery as it related to a potential financial conflict of interest. Ex. 2 - Apr. 27, 2020 Order, ECF Doc. 37. Shortly thereafter, Chacko issued discovery, which included but was not limited to documents: (1) describing the relationship among the Plan, Sedgwick, and NMR;[1] (2)

---

[1] Request for Production ("RFP") 20, which was served upon the Plan by Plaintiff's

3

relating to services that NMR would provide to Sedgwick;[2] and (3) information and documents relating to Dr. Grattan's compensation for his medical review services.[3]

The Plan objected to the discovery requests on several bases, including that it did not have legal control over, or authority to obtain responsive documents in Sedgwick's possession or documents Sedgwick received from NMR. *See* Ex. 3 – Nov. 9, 2020 Order at 2-3, ECF Doc. 55. Nevertheless, to avoid additional discovery disputes, the Plan contacted Sedgwick and NMR and asked each to voluntarily produce responsive documents. Both refused to do so unless subpoenaed. *Id.*

However, on November 9, 2020, during a hearing on Chacko's third motion to compel, Magistrate Judge Barnes ruled that the Plan had control over Sedgwick and ordered that the Plan produce the requested documents in Sedgwick's possession; but found there was no evidence of a contract between the Plan and NMR which would require the Plan to produce documents or information in the possession of NMR. *Id.*

Subsequent to the Magistrate Judge's November 9, 2020 order, the Plan again requested responsive documents from Sedgwick. Again, Sedgwick refused the Plan's request this time stating that despite the Court's November 9, 2020 order, its position remained unchanged and it would not produce documents unless subpoenaed and compelled by a court.  On March 26, 2021, Chacko filed another motion to compel seeking, in part, the documents responsive to RFP Nos. 20, 22, and 27 and Interrogatory 15.  Despite again informing the Court that Sedgwick refused to produce responsive documents, Magistrate Judge Barnes ruled that it did not obviate the Plan's obligation

---

counsel in the Origination Case.

[2] RFP No. 22.

[3] RFP No. 27, and Interrogatory No. 15.

4

to comply with her November 9, 2020 Order and to produce the responsive documents. *See* Ex. 4 - Mar. 31, 2021 Order at 3-4, ECF Doc. 71.

    C.    **April 8, 2021 Subpoena to Sedgwick**

To comply with the Magistrate Judge's March 31, 2021 Order, on April 8, 2021, the Plan served Sedgwick with a Rule 45 document subpoena seeking documents responsive to RFP Nos 20, 22, 27 and ROG 15. Specifically, the Plan requested:

1. (RFP 20) ALL DOCUMENTS that describe any relationship between the Plan or Sedgwick and NMR, including, but not limited to, contracts, memoranda of understanding, service agreements, vendor agreements, policy letters, and invoices in effect from 2017 to 2019.

2. (RFP 22) ALL DOCUMENTS sent by NMR and received by SEDGWICK describing, evidencing, constituting, referring, or relating to the business services that NMR would provide if engaged by the Plan, AT&T, or SEDGWICK, including, but not limited to any manuals, statements of NMR's mission, statements of NMR's philosophy, descriptions of physician procedures, referral guidelines, general descriptions of disability evaluation procedures, descriptions of medical disability management, descriptions of the medical review services provided by NMR, descriptions of NMR's medical consultation fee schedules, and descriptions of NMR's guidelines for reviewing physicians, from 2017 to 2019.

3. (RFP 27 and Interrogatory 15) STATE AND PRODUCE ALL DOCUMENTS that reflect the total compensation paid to Dr. Howard Grattan on behalf of the PLAN for medical review services for each year from 2017 to 2019.

*See* Ex. 1 – Plan's Apr. 8, 2021 Rule 45 Subpoena.

On April 13, 2021, Sedgwick produced documents to the Plan for the third category of documents. On April 19, 2021, however, Sedgwick served the Plan with objections, which included that the Subpoena is improper because discovery in ERISA cases should be limited to the administrative record. *See* Ex. 5 – Apr. 19, 2021 Objections. Sedgwick also objected[4] to the first

---

[4] The two objections are identical except for Sedgwick's additional objections to the second request that it is vague and ambiguous, not limited in scope, and vexatious.

5

and second categories of documents on the following grounds:

> **Response to Request No. 1**: Sedgwick objects to Request No. 1 to the extent it seeks privileged, confidential, commercial, or proprietary business information, the disclosure of which would violate trade secrets of Sedgwick and NMR and/or place Sedgwick and NMR at a competitive disadvantage and/or cause Sedgwick and NMR to lose a competitive advantage and/or to the extent that it seeks the disclosure of confidential financial information of non-parties to the litigation. Sedgwick objects to Request No. 1 as phrased "contracts, memoranda of understanding, service agreements, vendor agreements, policy letters, and invoices in effect from 2017-2019" as overly broad, unduly burdensome, and not proportional to the needs of the case given the marginal importance of all the requested documents.
>
> **Response to Request No. 2**: Sedgwick objects to Request No. 2 to the extent it seeks privileged, confidential, commercial, or proprietary business information, the disclosure of which would violate trade secrets of Sedgwick and NMR and/or place Sedgwick and NMR at a competitive disadvantage and/or cause Sedgwick and NMR to lose a competitive advantage and/or to the extent that it seeks the disclosure of confidential financial information of non-parties to the litigation. Sedgwick objects to the Request as phrased "[a]ll documents sent by NMR and received by Sedgwick describing, evidencing, constituting, referring, or relating the business services that NMR would provide if engaged by the Plan, AT&T, or Sedgwick, including, but not limited to, any manuals, statements…," as vague and ambiguous, and overly broad, not limited in scope, vexatious, unduly burdensome, and not proportional to the needs of the case given the marginal importance of all the requested documents.

*Id*.  None of the objections identify responsive documents or state the specific reasons supporting each objection.

To date, Sedgwick has refused to produce documents responsive to Subpoena Requests No. 1 and No. 2. Sedgwick has not filed a motion to quash the subpoena.

### III.  STANDARD OF REVIEW

A court reviewing objections to a Rule 45 subpoena or a motion to quash determines whether the documents requested are relevant, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir.

2018). The scope of discovery under Rule 45 is the same as that under Fed. R. Civ. P. 26. *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Fed. R. Civ. P. 26(b) governs the scope of discovery, which provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). That language has been interpreted to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A trial court has broad discretion to determine what information or documents are relevant and the parameters of the inquiry. *Chrysler v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

Once properly served, the court has the authority to enforce the subpoena through contempt or an order compelling compliance. *McLean v. Alere, Inc.*, No. 3:12-CV-566-DJH-CHL, 2015 WL 1534102 (W.D. Ky. Apr. 6, 2015); *see also S & S Screw Mach. Co. v. Cosa Corp.*, 647 F. Supp. 600, 614 (M.D. Tenn. 1986) ("[O]nce a court acquires jurisdiction over a party, its power to enforce compliance with its orders is without limit.").

IV.     ARGUMENT

**A.     The Subpoenaed Documents should be produced because a Magistrate Judge has ordered the Plan to obtain them from Sedgwick and at least one other court has ruled that the Subpoenaed Documents are discoverable.**

Sedgwick should be compelled to produce the documents responsive to Requests No. 1 and No. 2 because the Magistrate Judge in the Origination Case has ordered the Plan to obtain and produce the documents to Chacko. *See* Ex. 4 - Mar. 31, 2021 Order at 3-4. Furthermore, at least one California district court has ordered the production of responsive documents nearly identical to those identified in Requests No. 1 and No. 2. *Doe v. AT&T Western Disability Benefits Program*, 2012 WL 1669882, *5 (N.D. Cal. May 14, 2012) ("RFPs 26–29 request various

7

documents, such as contracts or memoranda of understanding, that describe the relationship between Defendant, Sedgwick, and NMR; policies and procedures for selecting medical reviews, and NMR's advertising, operations, policies, procedures, and fee schedules. These are relevant…."). As a result, Sedgwick should be compelled to produce documents responsive to Requests No. 1 and No. 2.

**B.     Sedgwick's objections based on confidentiality and proprietary concerns are insufficient because Sedgwick has failed to identify any particular privilege or privacy concerns. Moreover, any truly confidential or proprietary document will be protected from disclosures under the Stipulated Protective Order entered in the Origination Case.**

Sedgwick's objections to produce responsive documents on the basis of privilege, confidential, commercial, or proprietary business information that would reveal trade secrets and place Sedgwick and NMR in a competitive disadvantage is not sufficient to overcome their production obligations. *First*, while Rule 45 protects "trade secrets or other confidential research, development, or commercial information" from disclosure and production, a court may order production of such documents under specified conditions where the party seeking production "shows a substantial need." F.R.C.P. 45(d)(3)(B), (C). However, vague assertions that information or documents are or represent trade secrets, without more, are insufficient grounds to sustain an objection because the court is not informed about the substance of the documents sought. *Raymond James & Assocs., Inc. v. 50 N. Front St., TN, LLC*, No. 18-CV-2104-JTF-TMP, 2018 WL 6529879, at *4 (W.D. Tenn. Sept. 13, 2018). Accordingly, the vague objections proffered by Sedgwick that the documents are trade secrets is insufficient and this Court should compel production. *Bahorski v. City of Eastpointe,* No. 16-CV-12305, 2017 WL 5386600, at *9 (E.D. Mich. 2017).

*Second*, even if the documents contained trade secrets, Sedgwick should still be ordered to produce the documents because they will be subject to the February 8, 2021 Stipulated Protective Order entered in the Origination Case, which permits documents to be designated "highly

8

confidential" and prohibits unauthorized disclosures. *See* Ex. 6 – Feb. 8, 2021 Stipulated Protective Order. *Raymond James & Assocs., Inc.*, 2018 WL 6529879, at *5 ("The court thus finds that the protective order is sufficient to alleviate any concerns related to disclosure of confidential information.").

### C. Sedgwick has failed to demonstrate that the Subpoena is unreasonable or imposes an undue burden.

"Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *American Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a nonparty weighs against disclosure." *Id.* However, "conclusory statements [alleging undue burden], in the absence of supporting evidence, do not warrant the refusal to enforce a validly issued subpoena." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001).

Here, Sedgwick's general allegations that the requests are unreasonable or impose an undue burden are insufficient. Notably absent from Sedgwick's claims are any facts demonstrating undue burden such as difficulty of obtaining the documents, the cost of production, or the volume of documents. As a result, this Court should compel Sedgwick to produce the requested documents.

### V. CONCLUSION

WHEREFORE, AT&T Umbrella Benefit Plan No. 3 respectfully requests this Court issue an order compelling Sedgwick to produce the documents and information in Subpoena Requests No. 1 and No. 2 within seven (7) days of this Court's order.

9

Respectfully Submitted,

/s/ Earl W. Houston, II
Earl W. Houston, II (TN #24508)
McKenzie Podesta (TN #36167)
Martin, Tate, Morrow & Marston, P.C.
International Place, Tower II
6410 Poplar Avenue, Suite 1000
Memphis, Tennessee 38119-4839
ehouston@martintate.com
mpodesta@martintate.com